UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| JAMES SWANN, | ) |
| *Plaintiff*, | ) ) ) |
| v. | ) No. 1:23-cv-00240-CEA-SKL |
| GOOGLE, | ) ) ) |
| *Defendant*. | ) ) |

## REPORT AND RECOMMENDATION

This case is filed pro se and without payment of filing fees by Plaintiff James Swann ("Plaintiff"). Plaintiff initially filed a deficient application to proceed *in forma pauperis* ("IFP") with his original complaint. On October 16, the Court entered an Order providing Plaintiff an opportunity to resubmit his deficient IFP application and explaining that Plaintiff's complaint was subject to screening under 28 U.S.C. § 1915 [Doc. 5] if he submitted a revised IFP application. Plaintiff then submitted a second IFP application.

On October 26, the Court entered an Order screening Plaintiff's complaint and finding it did not meet applicable pleading standards. The October 26 Order outlined some of the many deficiencies in Plaintiff's complaint and allowed Plaintiff an opportunity to file an amended complaint, as well as the disclosure statement required by Federal Rule of Civil Procedure 7.1(a), on or before November 10, 2023. Plaintiff was specifically warned that any failure to state a claim in a timely amended complaint would result in dismissal of his action. As for Plaintiff's IFP applications, the first one was denied as moot and the second one held in abeyance, given possible inconsistencies between Plaintiff's allegations of poverty in the IFP applications as compared to the allegations in the complaint that Defendant Google was wrongfully withholding $50 million

from him.

The November 10 deadline has passed, and Plaintiff has not filed a proper amended complaint, nor has he made a proper Rule 7.1(a) disclosure or requested an extension of time to file these documents. He did file an additional IFP form [Doc. 8] to supplement his second IFP application. The supplement also does not disclose any assets or sources related to the $50 million allegedly being withheld. However, the second IFP application and the supplement indicate Plaintiff lacks sufficient resources to pay the filing fee.

Accordingly, I **RECOMMEND**[1] that any claims Plaintiff has attempted to assert in his complaint [Doc. 1] be **DISMISSED** for Plaintiff's failure to prosecute his case by filing an amended complaint that states a claim over which this Court has jurisdiction and that this case be **CLOSED**. *See* Fed. R. Civ. P. 41(b); *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute."). As a result, I further **RECOMMEND** Plaintiff's second IFP application [Doc. 6 & Doc. 8] be **DENIED as MOOT**.

Finally, Plaintiff is once again **FOREWARNED** that if he continues to file cases that fail to pass § 1915 screening or that result in dismissal under Rule 41(b) due to his failure to prosecute, he may be referred for consideration of whether injunctive measures are appropriate pursuant to

---

[1] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).

this Court's Standing Order 18-04.[2] Plaintiff was specifically warned in the October 26 Order that filing an amended complaint that failed to state a claim over which this Court had jurisdiction could result in such a referral. As Plaintiff did not file an amended complaint, the referral will not be recommended at this time. Nevertheless, this case is part of an emerging pattern of vexatious litigation, as reflected in the numerous prior cases filed by Plaintiff and dismissed by this Court either on § 1915 review or pursuant to Rule 41(b), as listed in the October 26 Order [Doc. 7].

ENTER:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

[2] Standing Order 18-04 may be accessed at:
https://www.tned.uscourts.gov/sites/tned/files/SO-18-04.pdf