UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| JAMES SWANN, | ) | |
| --- | --- | --- |
| *Plaintiff*, | ) | Case No. 1:23-cv-240 |
| | ) | |
| v. | ) | Judge Atchley |
| | ) | |
| GOOGLE, | ) | Magistrate Judge Lee |
| | ) | |
| *Defendant*. | ) | |

## JUDGMENT ORDER

On November 22, 2023, United States Magistrate Judge Susan K. Lee filed a Report and Recommendation [Doc. 9] (the "R&R") pursuant to 28 U.S.C. § 636 and the Rules of this Court. Magistrate Judge Lee recommends that this action be dismissed due to Plaintiff's failure to prosecute. For reasons that follow, the Court will **ACCEPT** and **ADOPT** Magistrate Judge Lee's findings of fact and conclusions of law and this action will be **DISMISSED**.

Plaintiff filed his Complaint [Doc. 1] on October 5, 2023, and a Motion for Leave to Proceed in forma pauperis [Doc. 4] on October 12, 2023. On October 16, 2023, Magistrate Judge Lee entered an Order [Doc. 5], setting out several deficiencies in Plaintiff's in forma pauperis application. Plaintiff timely filed a second Motion for Leave to Proceed in forma pauperis [Doc. 6].

Magistrate Judge Lee screened the complaint pursuant to 28 U.S.C. § 1915(e)(2). In the October 26, 2023, screening order, Judge Lee found that Plaintiff's complaint failed to set forth a viable federal cause of action. [Doc. 7]. Judge Lee also noted the fantastical nature of Plaintiff's central allegation – that, for whatever reason, Google is wrongfully withholding $50 million from Plaintiff. The Court found this contention particularly suspect in light of Plaintiff's declared indigence in at least ten other cases filed in this District in the last few years. Moreover, his IFP

application does not disclose any assets related to the $50 million allegedly being withheld by Google.[1] The Complaint also alleges false advertising by Google, apparently based on Plaintiff's receipt of a letter from the Ooten Law Firm. The letter appears to be an attempt to solicit business and has no apparent connection with Google. The firm is not listed as a Defendant. In addition to failing to state a federal claim, Judge Lee noted that, assuming Plaintiff is relying on the Court's diversity jurisdiction, he failed to file a disclosure statement in accordance with Federal Rule of Civil Procedure 7.1(a)(2).

Accordingly, Judge Lee ordered Plaintiff to file an Amended Complaint on or before November 10, 2023. Plaintiff was put on notice that failure to timely file an amended complaint or a failure to state a claim over which the Court has jurisdiction in that amended complaint would result in the dismissal of the action. [Doc. 7]. The Order also advised that in light of his numerous dismissed actions in the last three years, Plaintiff could be referred to Chief Judge Travis McDonough pursuant to Standing Order 18-04 should an amended complaint also fail to set forth a basis for the Court's jurisdiction. [*Id.*]. That Standing Order delegates to the Chief Judge the authority to enjoin or limit filings by individuals with a history of repetitive, vexatious, or frivolous litigation.

Plaintiff did not file an amended complaint as required by Judge Lee's Order. So, on November 22, 2023, Judge Lee entered a Report and Recommendation [Doc. 9], recommending that this action be dismissed for failure to prosecute. Magistrate Judge Lee specifically advised that Plaintiff had 14 days to object to the R&R and that failure to do so would waive any right to appeal. [*Id.* at 2, n. 1]; *see* Fed. R. Civ. P. 72(b)(2); *see also Thomas v. Arn*, 474 U.S. 140, 148-51

---

[1] In addition, Plaintiff claims that he cannot read or write, yet he has filed at least 10 lawsuits in this District in addition to the instant action.

(1985) ("It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."). Plaintiff has not filed an objection to the R&R. The Court has nonetheless reviewed the R&R, as well as the record, and agrees with Magistrate Judge Lee's well-reasoned conclusions.

Accordingly, the Court **ACCEPTS** and **ADOPTS** Magistrate Judge Lee's findings of fact and conclusions of law as set forth in the Report and Recommendation [Doc. 9]. This action is **DISMISSED** for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). *See Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute."). Plaintiff's second application to proceed in forma pauperis [Docs. 6 & 8] is **DENED AS MOOT**.

Finally, Plaintiff is put **ON NOTICE** that if he continues to file cases that fail to set forth a basis for subject matter jurisdiction, are frivolous or vexatious, or otherwise fail to pass § 1915 screening, he may be referred for consideration of whether injunctive measures are appropriate pursuant to the Court's Standing Order 18-04.

**SO ORDERED**.

*/s/ Charles E. Atchley, Jr.*
CHARLES E. ATCHLEY, JR.
UNITED STATES DISTRICT JUDGE

ENTERED AS A JUDGMENT:
 */s/ LeAnna R. Wilson*
CLERK OF COURT